IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01119-CMA-KLM

SYLAS RATTLER,

    Plaintiffs,

v.

NICK GARSIDE, and
BUFFALO WILD WINGS,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S EMPLOYMENT DISCRIMINATION COMPLAINT**

---

This matter is before the Court on Defendants Buffalo Wild Wings ("BWW") and Nick Garside's Motion to Dismiss Plaintiff Sylas R. Rattler's Employment Discrimination Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. # 20.) Because Mr. Rattler fails to adequately plead his case under Rule 12(b)(6), the Motion is granted.

### I.    BACKGROUND

Mr. Rattler is an American Indian with six years' experience in culinary arts. (Doc. # 12 at 4.) Prior to November 2018, Mr. Rattler worked in General Delivery at BWW. (*Id.* at 2.) During his employment with BWW, he alleges that employees "Nick, David, Jason, [and] Mario" discriminated against him "with death threats and unwanted sexual advances." (*Id.* at 4.) In particular, Mr. Rattler alleges that, on October 13, 2018, "Jason" told Mr. Rattler that "Jason" and presumably other employees were "going to . . . kill" him and that Mr. Rattler was "not walking out [there] alive." (*Id.*) Mr. Rattler also alleges

that, on October 20, 2018, Defendant Garside "made unwanted sexual advances" towards him, singling him out, and requested that Mr. Rattler "give him a blowjob in front of other employees[,]" such as "Mario." (*Id.*) Mr. Rattler contends that these unwanted sexual advances persisted until his termination. (*Id.*) On November 6, 2018, BWW terminated Mr. Rattler. (*Id.*)

On April 17, 2019, Mr. Rattler, appearing *pro se* in this matter, commenced this action[1] (Doc. # 1) and, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), he asserts a single employment discrimination claim against Defendants BWW and Mr. Garside based on his race, sex, color, and religion. The case was assigned to Magistrate Judge Gordon P. Gallagher, and on April 18, 2019, the Magistrate Judge issued an Order Directing Plaintiff to Cure Deficiencies (Doc. # 4), which included requirements that Mr. Rattler include omitted language from his supporting facts section and attach a copy of the administrative charge of discrimination. (*Id.* at 2.)

Pursuant to the Magistrate Judge's Order, Mr. Rattler filed an Amended Complaint on May 7, 2019. (Doc. # 5.) Yet, on June 7, 2019, the Court issued another order directing Mr. Rattler to file another amended complaint. (Doc. # 7.) Therein, Magistrate Judge Gallagher set forth the elements of a Title VII claim and indicated that Mr. Rattler did "not allege these prima facie elements." (*Id.* at 3.) The Magistrate Judge also reminded Mr. Rattler to attach "a copy of the administrative charge" as required by Section E of the Employment Discrimination Complaint form. (*Id.* at 3–4.)

---

[1] The Court notes that Mr. Rattler seemingly complied with the administrative exhaustion necessary to assert a Title VII claim in federal court. Indeed, the EEOC issued his right to sue letter on January 31, 2019. (Doc. # 1 at 9.)

In response to Magistrate Judge Gallagher's second order, Mr. Rattler filed another amended complaint (Doc. # 8), which included additional details about his employment situation. Mr. Rattler alleged that he witnessed two employees "associated with one named Jason" assault "Tina," and that during one shift in October 2018, he encountered Tina in the "walk-in cooler" where she was upset, but then she allegedly offered to perform a sex act to which he declined. (*Id.* at 10.) Mr. Rattler repeated previous allegations of co-workers' "harassment" and "death threats" and added allegations about having his property stolen. (*Id.*) Magistrate Judge Gallagher recommended dismissal of the Amended Complaint without prejudice for failure to comply with the pleading requirements of Rule 8. (Doc. # 11.) However, upon the filing of another amended complaint (Doc. # 12), Magistrate Judge Gallagher withdrew his Recommendation. (Doc. # 13.)

On August 16, 2019, this case was reassigned to this Court, and drawn to Magistrate Judge Kristen L. Mix. (Doc. # 14.) On September 26, 2019, Defendants filed the instant Motion to Dismiss (Doc. # 20) arguing that Mr. Rattler failed to adequately plead the claims against them under Federal Rule of Civil Procedure 12(b)(6). Mr. Rattler did not respond. For the following reasons, Defendants' Motion is granted.

## II. LEGAL STANDARDS

### A. RULE 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim if it appears beyond a doubt that the plaintiff can plead no set of facts in support of his claim that entitle him to relief. *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). Dismissal under Rule 12(b)(6) may also be based on the lack of a

3

cognizable legal theory. *Id.* at 1217. In reviewing a motion to dismiss, courts take all well-pleaded allegations in the plaintiff's complaint as true and construe the allegations in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

However, a litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint").

Mr. Rattler appears *pro se* in this matter. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Mr. Rattler's *pro se* status does not, however, entitle him to the application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Moreover, the Court may not "construct arguments or theories for [Mr. Rattler] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

**B.     TITLE VII EMPLOYMENT DISCRIMINATION CLAIM**

To state a claim for discriminatory termination under Title VII, the plaintiff must satisfy the following elements: (1) he is a member of a protected class; (2) he was

4

qualified and satisfactorily performing his job; (3) he was terminated under circumstances giving rise to an inference of discrimination. *Barlow v. C.R. England Inc.*, 703 F.3d 497, 505 (10th Cir. 2012). "Plaintiffs may establish evidence of the third prong in various ways, such as 'actions or remarks made by decisionmakers,' 'preferential treatment given to employees outside the protected class,' or 'more generally, upon the timing or sequence of events leading to plaintiff's termination.'" *Id.* (quoting *Plotke v. White*, 405 F.3d 1092, 1100 (10th Cir. 2005)). Put differently, a plaintiff must plead allegations sufficient to "create an inference of discrimination[.]" *Id.* at 506.

### III.   ANALYSIS

#### A.   INDIVIDUAL LIABILITY UNDER TITLE VII

Defendants contend that Mr. Rattler's individual Title VII claim against Defendant Garside fails as a matter of law because Title VII does not authorize "personal capacity suits against individuals who do not otherwise qualify as employers." (Doc. # 20 at 3 (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999)).) The Court agrees. The Tenth Circuit established that Title VII's definition of "employer" does not include individuals in a supervisor capacity. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (holding that a personal capacity suits against individual supervisors are inappropriate under Title VII). Mr. Rattler's factual allegations do not support that Defendant Garside's position qualifies him as an "employer" under Title VII. Accordingly, Mr. Rattler's individual Title VII claim against Defendant Garside must be dismissed.

#### B.   TITLE VII CLAIM

Defendants argue that Mr. Rattler's Title VII claim as to Defendant BWW fails because he has not adequately pleaded factual allegations sufficient to establish two

5

elements of the claim. As to the first element, Defendants contend that Mr. Rattler failed to plead facts showing that he belongs to the protected classes of "color" and "religion." As to the third element, Defendants aver that Mr. Rattler's entire Title VII claim fails because he has not alleged facts sufficient to give rise to the inference that his termination was a result of discrimination.

Defendants are correct. However, the Court need not address Defendants' arguments as to the element of protected status because answering whether he failed to plead the third element is dispositive of his entire Title VII claim against Defendant BWW. To this point, Mr. Rattler fails to set forth any factual allegations upon which this Court may infer that his termination was a result of discrimination. Mr. Rattler's Amended Complaint contains vague, disjointed allegations referencing grievances with several unspecified employees. (Doc. # 12 at 4.) However, even accepting these allegations as true, they fail to show any link between the alleged discrimination and Mr. Rattler's termination—let alone that the co-workers' improper conduct and remarks were related to Mr. Rattler's alleged protected statuses. Additionally, the Amended Complaint is devoid of any factual allegations showing instances of discriminatory "actions or remarks made by decisionmakers," or "preferential treatment of others outside of the protected class[es.]" *Barlow*, 703 F.3d at 505 (internal quotations omitted). Indeed, there are no facts relating to the alleged discrimination at all. The absence of "any details whatsoever of events leading up to [his] termination" is "insufficient to survive a motion to dismiss." *Khalik*, 671 F.3d at 1193. Therefore, dismissal of Mr. Rattler's Title VII claim against Defendant BWW is warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendants Buffalo Wild Wings and Nick Garside's Motion to Dismiss Plaintiff Sylas R. Rattler's Employment Discrimination Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. # 20) is GRANTED.

2. Plaintiff's action is DISMISSED WITH PREJUDICE.[2]

3. Final judgment shall be entered in favor of Defendants and against Plaintiff.

DATED: December 18, 2019

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Magistrate Judge Gallagher provided Mr. Rattler with multiple opportunities to amend his Complaint. *See* (Doc. ## 4, 7). As such, affording Plaintiff with another opportunity to amend his Complaint is futile. *See Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). The Court also acknowledges that the Magistrate Judge provided Plaintiff with a different set of elements for alleging a plausible Title VII claim. (Doc. # 7 at 3 (citing *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005)).) Nevertheless, even under that alternative framework, Plaintiff still falls short of pleading factual allegations sufficient to establish a plausible Title VII claim because he merely alleged "[t]hreadbare recitals of the elements[.]" *Khalik*, 671 F.3d at 1193 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).